UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUSTIN ROBERT WRIGHT,

      Plaintiff,

  v.

JASON MOHR,

      Defendant.

No. 12 CV 5938

Judge Manish S. Shah

## ORDER

Defendant's motion for summary judgment [50] is granted. The statute of limitations bars plaintiff's § 1983 claim. The Clerk is directed to correct defendant's name in the caption from "Officer J. Moore" to "Jason Mohr," and enter judgment in favor of defendant. Terminate civil case.

## STATEMENT

Plaintiff Justin Wright was a detainee at LaSalle County Jail in 2009. In July 2012, he submitted a pro se complaint alleging that Officer J. Moore (now identified as defendant Jason Mohr), kicked Wright in the ribs and started punching him. Other officers held Wright down. During the beating, Wright was handcuffed and sprayed with pepper spray. The day after the beating, a nurse observed the bruises on Wright and ordered an x-ray. [11]. Defendant Mohr filed a motion to dismiss arguing that the statute of limitations barred Wright's suit. The court denied the motion because the statute of limitations is an affirmative defense that need not be addressed in plaintiff's complaint. [34].

Following limited discovery, Defendant filed a motion for summary judgment [50] arguing that there is no genuine issue of material fact with respect to his statute of limitations defense. Plaintiff's counsel declined to respond to the motion. *See* [61]. Therefore, the facts submitted by defendant [50-1, 52] are undisputed.

Plaintiff's injury occurred on July 24, 2009. [50-1] at ¶ 3. At that time, plaintiff knew that he had been injured in the ribs. [50-1] at ¶ 11. Plaintiff offered no evidence that he pursued an administrative grievance procedure with LaSalle County Jail—not surprisingly, because Wright left LaSalle County Jail in approximately October 2009, and by 2010, was jailed in the federal Metropolitan

Correctional Center facing unrelated federal charges. *See* [50-1] at ¶ 7; [31]. In February 2010, Wright complained of rib pain to a health care administrator at the MCC. [50-1] at ¶¶ 7–8; [50-3] at 7 (Deposition transcript at p. 22, l. 6). Plaintiff submitted his pro se complaint on July 27, 2012, and it was accepted for filing on October 30, 2013. [50-1] at ¶ 14.

The statute of limitations for violations of 42 U.S.C. § 1983 in Illinois is two years. *Woods v. Illinois Dept. of Children and Family Services*, 710 F.3d 762, 766 (7th Cir. 2013). "[T]he accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Accrual occurs when the plaintiff has a complete and present cause of action, and "[t]he cause of action accrues even though the full extent of the injury is not then known or predictable." *Id.* at 388 & 391. The claim accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action. *See Serino v. Hensley*, 735 F.3d 588, 591 (7th Cir. 2013).

Throughout this litigation, plaintiff has argued that he did not know the full extent of his rib injury until 2011. It is undisputed, however, that Wright knew he was kicked in the ribs and his ribs hurt in July 2009. According to Wright, the only possible source of that injury was the beating by Mohr in the LaSalle County Jail. Wright also knew that his ribs were injured in February 2010, when he complained of pain in the MCC. The statute of limitations began to run in July 2009, and Wright's complaint, submitted in July 2012, was untimely.

Therefore, defendant's motion for summary judgment is granted.

ENTER:

_____
Manish S. Shah
United States District Judge

Date: 8/11/14